IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:22-cr-0036 |
| ) | |
| **TAHIR DONADELLE,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## ORDER

**BEFORE THE COURT** is Defendant Tahir Donadelle's ("Donadelle") Motion to Continue Motions Deadline and Trial Date—Unopposed. (ECF No. 20.) For the reasons stated herein, the Court will grant the motion. The time to try this case is extended up to and including January 8, 2024.

This matter commenced on December 15, 2022, when the United States (the "Government") filed an indictment charging Donadelle with possession with intent to distribute fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vi). He was arraigned on August 23, 2023. Donadelle filed the instant motion asserting that additional time is necessary to review the discovery, conduct additional investigation and legal research, file additional motions and prepare for trial.

While the Speedy Trial Act (the "Act") requires that defendants be tried within seventy days of indictment, the Act specifically excludes:

> [a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(1)(A).

Consistent with these concerns, the United States Court of Appeals for the Third Circuit has recognized that "whether or not a case is 'unusual' or 'complex,' an 'ends of justice'

continuance may in appropriate circumstances be granted." *United States v. Fields*, 39 F.3d 439, 444 (3d Cir. 1994); *United States v. Dota*, 33 F.3d 1179(9th Cir. 1994) ("An ends of justice continuance may be justified on grounds that one side needs more time to prepare for trial [even if the] case [i]s not 'complex.'"); *see also United States v. Lattany*, 982 F.2d 866, 883 (3d Cir. 1992) ("[T]he district court did not abuse its discretion when it delayed the trial to give counsel . . . opportunity to . . . decid[e] upon and prepar[e] an appropriate defense."); *see United States v. Graves*, 722 F.3d 544 (3d Cir. 2013) ("The Act excludes periods of delay 'resulting from a continuance granted by a judge,' as long as the judge has found 'that the ends of justice' served by the continuance 'outweigh the best interest of the public and the defendant in a speedy trial.'").

The Court finds that the ends of justice served by extending the period in which the trial must begin in this matter outweigh the best interest of the public and the defendant in a speedy trial. Here, an extension of time is necessary to allow Defendant sufficient time to prepare for trial. The premises considered, it is hereby

**ORDERED** that the Defendant's Motion to Continue Motions Deadline and Trial Date—Unopposed, ECF No. 20, is **GRANTED**; it is further

**ORDERED** that the motions deadline **SHALL** be extended to November 17, 2023; it is further

**ORDERED** that the time beginning from the date of this order granting an extension through January 8, 2024, **SHALL** be excluded in computing the time within which the trial in this matter must be initiated pursuant to 18 U.S.C. § 3161; it is further

**ORDERED** that each party shall file their respective notices of readiness to proceed to trial no later than **December 29, 2023;** it is further

**ORDERED** that the parties **SHALL** file and serve a pre-trial brief no later than **December 29, 2023** which shall include the following: (a) proposed list of witnesses; (b) proposed list of exhibits; (c) estimated length of case-in-chief and case-in-defense; (d) proposed non-standard *voir dire* questions; and (e) proposed non-standard jury instructions related to the elements of the charges and defenses; it is further

*United States of America v. Donadelle*
Case No. 3:22-cr-0036
Order
Page **3** of **3**

   **ORDERED** that the parties **SHALL** provide the Clerk of Court with a USB Flash Drive containing electronic versions of exhibits no later than **January 3, 2024**;[1] and it is further

   **ORDERED** that the Jury Selection and Trial in this matter previously scheduled for October 10, 2023, are **RESCHEDULED** to commence promptly at 9:00 A.M. on **January 8, 2024,** in St. Thomas Courtroom 1.

**Dated:** September 12, 2023          */s/ Robert A. Molloy*
                      **ROBERT A. MOLLOY**
                      **Chief Judge**

---

[1] Counsel are advised to consult with Court technical staff to determine the proper format for saving electronic versions of exhibits. The Government's trial exhibits shall be labelled sequentially beginning with Government's Exhibit 1. Defense exhibits shall be labelled sequentially beginning with Defense Exhibit A.